IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BITMAIN TECHNOLOGIES GEORGIA LIMITED, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No: 6:24-cv-03183-MDH<br>) |
| HYLMEN LLC, and | )<br>)<br>) |
| SHAWN VAUGHT, | )<br>) |
| Defendants. | )<br>) |

### PLAINTIFF'S EMERGENCY MOTION FOR THE APPOINTMENT OF A RECEIVER

COMES NOW Plaintiff Bitmain Technologies Georgia Limited ("Bitmain" or "Plaintiff"), by and through its counsel, and, pursuant to Fed. R. Civ. P. 66, hereby files this Emergency Motion for the Appointment of a Receiver, requesting that the Court enter the proposed Order Appointing Receiver ("Proposed Receivership Order") attached as **Exhibit A** and incorporated by reference herein, which provides for Eldar Causevic to be appointed as the Receiver over certain property owned by Plaintiff Bitmain (approximately 4,513 Bitmain S19J Pro Servers, as described in the Complaint in this matter, hereinafter "Bitmain's Miners" or "Miners") that is currently in Defendants' possession.

Although Defendants have no ownership interest in these Miners, Defendants refuse to permit Plaintiff to inspect its own property or perform an audit to identify the number of Miners and assess their condition, much less restore the Miners to working order in a proper storage environment. Due to the exigent circumstances described below, Plaintiff respectfully moves for the entry of the Proposed Receivership Order and, in support thereof, states as follows:

6511821.3

## BACKGROUND

Plaintiff is the owner of approximately 4,513 S19j Pro mining machines (used for bitcoin-mining operations), which Plaintiff delivered between February 7, 2022 and April 11, 2022 to a data-center facility located at 154 Hyatt St., Gaffney, South Carolina (the "South Carolina Facility"), pursuant to a hosting agreement with Blockquarry Corp., formerly known as ISW Holdings, Inc. ("Blockquarry"). *See* Declaration of Yiliang Guo ("Guo Decl.") at para. 3-5, attached hereto as **Exhibit B.**[1]

Blockquarry purported to lease space at the South Carolina Facility from Litchain Corp. ("Litchain"), which in turn leased the South Carolina Facility from the landlord, the Gaffney Board of Public Works ("Gaffney BPW"). *See* Declaration of Marc Feinstein ("Feinstein Decl.") at para. 2, 4, attached hereto as **Exhibit C**. In January 2023, Gaffney BPW sent a letter to Litchain, stating that Litchain had subleased the property to Blockquarry without Gaffney BPW's permission and identifying Litchain's defaults under the lease. Gaffney BPW cut off electricity to the Facility that same month. On February 16, 2023, Gaffney BPW padlocked the premises and blocked physical access. As a result, Bitmain's Miners were not able to continue to mine Bitcoin, and Bitmain could not remove them from the site. On April 7, 2023, Blockquarry sued Litchain and Gaffney BPW in the United States District Court for the District of South Carolina, styled as *Blockquarry Corp. v. Litchain Corp. et al.*, C.A. No. 7:23-cv-01427, asserting claims for, among other things, the return of Blockquarry's property on the Facility and wrongful eviction from the premises. *See*

---

[1] Bitmain is the owner of its Miners, as indicated on page 3 of the Service Framework Agreement between Bitmain and Blockquarry, which states: "'Hosted Servers' means the supercomputing servers and ancillary hardware equipment **owned** by BITMAIN or its designated third party(ies) and hosted at the Data Center Facility pursuant to the applicable Service Order." *See* Guo Decl. at para. 6 (emphasis added).

Feinstein Decl. at para. 2 (attaching *Blockquarry* complaint as Exhibit 1).

Blockquarry and Gaffney BPW reached a confidential settlement in the *Blockquarry* lawsuit, and refused to permit Bitmain to see the settlement agreement. *See* Feinstein Decl. at para. 8. However, Gaffney BPW, through its counsel, informed Bitmain, through its counsel, that under the settlement agreement, Blockquarry was required to return Bitmain's "equipment" to Bitmain by December 19, 2023. Blockquarry nevertheless failed to return the Bitmain Miners to Bitmain, and instead devised a plan to move the Miners from the South Carolina Facility to an unidentified facility in Jackson County, Missouri. *Id.* at para. 9. Bitmain repeatedly objected to Blockquarry's plan and insisted on retrieving its Miners from the South Carolina Facility. Despite Bitmain's repeated requests, Blockquarry refused to allow Bitmain to recover its property from the South Carolina Facility. *Id.* Rather, without Bitmain's authorization and over its objections, Blockquarry arranged to transport the Bitmain Machines offsite to Missouri. *Id.*

Despite having told Bitmain that the Miners were being transported to Jackson County, Missouri, Blockquarry actually had the Miners moved to a property owned by Defendants, located at 29590 Highway U, Crocker, Missouri, 65452 (the "Crocker Site"). *See* Declaration of Nicholas Clifford ("Clifford Decl.") at para. 3-4, attached hereto as **Exhibit D**. The Pulaski County, Missouri Assessor's Office website confirms that this property is owned by Hylmen LLC. *Id.* at para. 5.

Upon information and belief, Defendants conspired with Blockquarry and/or its affiliate/agent Pantheon Resources plc ("Pantheon") and, in November-December 2023, without Bitmain's knowledge or authorization, Defendants transported Bitmain's Miners to the Crocker Site, where some or all of Bitmain's Miners are located today. Upon information and belief, some of Bitmain's Miners may be located at one or more additional sites in Missouri under the control

3

6511821.3

Case 6:24-cv-03183-MDH   Document 4   Filed 07/03/24   Page 3 of 8

of Shawn Vaught and/or Hylmen LLC, including but not limited to on property leased by Defendant Vaught, located at 7566 State Hwy A, Lentner, Missouri, 63450.

Defendants have refused to surrender the Miners to Bitmain, despite the termination of the contracts between Blockquarry and Bitmain. Clifford Decl. at para. 9-10. Indeed, Bitmain has requested Defendants to permit Bitmain to inspect the Miners at the Crocker Site to determine which Miners are Bitmain's and assess their condition. *Id.* Although a partial inspection of available Miners (none of which were under electric power) took place in late December 2023, Defendants have refused to permit Bitmain to conduct a complete inspection of the facility and audit of the Miners located there. *Id.* Defendants have not explained why they refuse to permit Bitmain to perform a complete inspection and have cut off all communications with Bitmain or its counsel. *Id.* at para. 13. Defendants' counsel even acknowledged that Defendants had permitted miners at the Crocker Site to be released to other third parties, but not to Bitmain. *Id.* at para. 12.

The Bitmain Miners are being wrongfully and unlawfully detained by Defendants. Guo Decl. at para. 8. Through no fault of Plaintiff, Bitmain's Miners have been placed at risk of harm and possible destruction by Defendants, who refuse to cooperate with Plaintiff or its counsel at all. The Miners have been damaged by water intrusion and rusting of critical components, among other things, and are not under power, which over time is detrimental to the condition of the Miners. Declaration of Haishan Sun ("Sun Decl.") at para. 5-12, attached hereto as **Exhibit E**. Given the adverse conditions to which the Miners have been subjected and the lack of environmental controls, the risk of permanent, irreparable damage to them in the coming summer months as a result of exposure to heat and moisture is likely to increase. *Id.* at para. 11.

Under the circumstances, Plaintiff's only recourse is to seek the appointment of a limited receiver over Bitmain's Miners, so that they can be properly inventoried, controlled, and stored

4

until such time as this Court makes a final determination on Bitmain's claims. Plaintiff seeks the appointment of a receiver to enter onto the Crocker Site in order to take full custody and control of the Bitmain Miners. It is critical that the Court appoint a receiver with the right technical background to inspect, audit, inventory, and assess the operational integrity and condition of the Bitmain Miners, pending a determination of Bitmain's superior possessory interest. Accordingly, as discussed herein, Plaintiff recommends that the Court appoint Eldar Causevic as receiver in this matter.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 66, Plaintiff moves the Court to appoint a receiver to take control of, inventory, and inspect the Bitmain Miners, and make arrangements for the proper storage of the Miners. In the Eighth Circuit, federal courts consider the following factors in appointing receivers under Fed. R. Civ. P. 66: "Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm." *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-17 (8th Cir. 1993). Each of these factors is readily established here.

First, with respect to the likelihood that fraudulent conduct has occurred, there is evidence of multiple instances of fraudulent or unlawful conduct. For example, Bitmain's Miners were moved without Bitmain's knowledge or permission from the South Carolina Facility to properties in Missouri. Clifford Decl. at para. 4. In addition, Blockquarry refused to disclose information to

5

6511821.3
Case 6:24-cv-03183-MDH    Document 4    Filed 07/03/24    Page 5 of 8

Bitmain about the status of the Miners (which Blockquarry acknowledged in its contract with Bitmain are owned by Bitmain) while litigation was underway in South Carolina, and again misled Bitmain about the location where the Miners were being taken (Blockquarry originally claimed they were going to Jackson County, Missouri). Feinstein Decl. at para. 9. Indeed, Blockquarry even demanded that Bitmain release all claims against it before it would give Bitmain the location of the Miners or allow Bitmain to retrieve them. *Id.* at para. 10. Defendants simply have no ownership rights in the Bitmain Miners whatsoever and are holding the Miners without any legitimate justification. Clifford Decl. at para. 11. Defendants' conduct holding them hostage is completely improper, even criminal.

Second, with respect to the imminent danger of harm, this element is established in two respects – damage to Bitmain's Miners and risk that some of the Miners have been lost. During the preliminary inspection in December 2023, it was clear that Bitmain's Miners had not been stored properly, had been damaged, and were at risk of permanent destruction. Sun Decl. at para. 5-12. Moreover, during this initial inspection, Bitmain was not permitted to complete a full inventory or assess the full extent of missing or inoperable Miners. *Id.* Since December, Defendants have refused all of Bitmain's attempts to inspect the Miners or get additional information about them and now are refusing to respond to any communications with Bitmain's representatives. Clifford Decl. at para. 10-11, 13. Indeed, in April 2024, counsel for Defendants confirmed to Bitmain's Missouri counsel that miners from the Crocker Site have been released to unidentified third parties claiming ownership of them, but Defendants have provided Bitmain with no evidence that these transfers were legitimate (i.e., no documentation of who received them, what miners were released, and whether Bitmain's Miners were included in the equipment that was released). *Id.* at para. 12.

6

6511821.3

Case 6:24-cv-03183-MDH   Document 4   Filed 07/03/24   Page 6 of 8

Finally, the remaining elements (the inadequacy of legal remedies, the lack of a less drastic equitable remedy, and the likelihood that appointing the receiver will do more good than harm) merge under the current situation. Bitmain is being harmed every day it is denied possession and use of its property. Sun Decl. at para. 12. Because of the inadequate conditions in which Bitmain's Miners are being kept, the risk that the Miners will be irreparably damaged grows every day. *Id.* Defendants have no ownership interest in Bitmain's Miners and cannot claim any legitimate harm from placing them in the custody of the Receiver. Appointment of a Receiver will allow the Miners to be placed into the care of a neutral party with the appropriate expertise to maintain them properly until the merits of this dispute are decided.

The Receiver proposed by Plaintiff is Eldar Causevic, whose affidavit is attached as **Exhibit F**. Mr. Causevic has served as a receiver in this District and courts throughout Missouri for over 15 years. He has a highly technical background, having worked on matters in information technology, electrical engineering, and software systems. Mr. Causevic has precisely the right background and experience to manage and oversee the inventory of the Miners and the testing for the operational integrity of the Miners. As confirmed in his Affidavit, Mr. Causevic has no criminal convictions, is not related to or controlled by any of the parties, is not a creditor of any of the parties, does not have any material interests adverse to the any of the parties, is not a sheriff of any county, and has executed an oath to faithfully discharge the duties as a receiver and the orders of the Court.

Plaintiff's Proposed Receivership Order is being filed concurrently with this Application. As set forth in the Proposed Receivership Order, the Proposed Receiver proposes the following compensation: $375 per hour. The Proposed Receiver also proposes to post a bond in the amount of $5,000.00. Any delay in appointing the Receiver will delay Plaintiff's recovery of its Miners,

and further expose the Miners to Defendants' improper storage environment. This exposure will increase the risk of continued damage and associated costs, which operate to devalue the Property. Therefore, Plaintiff respectfully requests an immediate hearing on its Application for Receiver.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that the Court enter the Proposed Receivership Order appointing the Proposed Receiver as Receiver pursuant to the terms and conditions therein and grant such other and further relief as the Court deems just and proper.

Dated: July 3, 2024

Respectfully submitted,
TUCKER ELLIS LLP

By: /s/ Nicholas B. Clifford
  Nicholas Clifford, Jr. #MO44477
  100 S Fourth Street, Suite 600
  St. Louis, MO 63102
  314.256.2550
  314.256.2549 FAX
  Nicholas.clifford@tuckerellis.com

ATTORNEYS FOR PLAINTIFF