IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BITMAIN TECHNOLOGIES GEORGIA LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No: 6:24-cv-03183-MDH ) |
| HYLMEN LLC, SHAWN VAUGHT, HYLMEN TRANSPORT, LLC, PANTHEON, et. al., LAWRENCE DAVIS, SAM ESCOBAR, ALONZO PIERCE, and STEPHEN STENBERG | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER APPOINTING RECEIVER

Now on this 24th day of September, 2024, this matter comes before the Court on the Emergency Motion for Appointment of Receiver (the "Motion") filed by Bitmain Technologies Georgia Limited ("Bitmain" or "Plaintiff") related to the Receivership Property (as defined herein) that is located in various places, including without limitation: 7566 Highway A in Lentner, Missouri; 29590 Highway U in Crocker, Missouri; and at any other locations where Bitmain's Machines are or may be located. The Court has considered the allegations in the Complaint, the Motion, related exhibits, statements of counsel, and applicable law, and for good cause shown, pursuant to Fed. R. Civ. P. 66, it is hereby ORDERED as follows:

**1.** **Motion Granted.** The Motion is hereby GRANTED, and Eldar Causevic (the "Receiver") is appointed receiver.

2. **Receiver to Take Possession and Protect.** The Receiver is hereby authorized and directed to take possession and control of the Receivership Property wherever located; to protect the Receivership Property from loss and waste; to perform an audit identifying the machines and their condition; to take such other actions as Receiver deems reasonable and appropriate in order to take such possession and to exercise such control over the Receivership Property in order to prevent waste and preserve, manage, secure, and safeguard it. In addition, the Receiver is authorized to (1) gain access to Defendants' real property (whether owned, leased, or otherwise under Defendants' control) for purposes of locating and inspecting the Receivership Property, and (2) take possession of the Receivership Property.

A. **Definitions, Bond, and Receivership Property**

3. **Definitions.**

(a) The term "Receivership" means the estate created pursuant to this Order including all Receivership Property and the interests, rights, powers, and duties of the Receiver and all Parties in Interest relating to Receivership Property.

(b) The term "Receivership Action" means the current action.

(c) The term "Receivership Property," unless otherwise specified herein or at Schedule A to this Order, means and includes approximately 4,513 Bitmain S19J Pro Servers owned by Plaintiff, as identified in Schedule A, regardless of the manner by which such rights were or are acquired.

4. **Surety Bond.** Before entering upon his duties, Receiver shall execute a bond with one or more sureties approved by the Court in the amount of Five Thousand Dollars ($5,000.00).

5. **Control of Receivership Property**. Receiver is hereby authorized to immediately enter upon, receive, recover, and take complete, entire, and exclusive possession and control of the

Receivership Property until further Order of the Court. Although Receiver will have possession and control of the Receivership Property, Receiver will not take title to the Receivership Property. Title to the Receivership Property will remain in the name of Plaintiff or its assigns, unless sold by Receiver or Plaintiff.

6. **Turnover of Receivership Property**. Any person, including Defendants, shall turn over Receivership Property that is within the possession or control of that person unless otherwise provided for in this Order or ordered by the Court for good cause shown. Defendants and their officers, directors, owners, agents, affiliates and employees are ordered to cooperate with Plaintiff and Receiver in the transition of the Receivership Property to Receiver and must turn over to Receiver the Receivership Property and everything pertaining thereto. Defendants and their employees and agents are prohibited from moving any Receivership Property or diverting proceeds of any Receivership Property. The rights of any person asserting an ongoing possessory interest in Receivership Property shall be administered by the Court pursuant to Fed. R. Civ. P. 66.

B. **General Powers and Duties**

7. **Receiver's Powers.** Receiver shall have the powers vested, conferred, enjoyed, and exercised by receivers, including the following:

(a) To take possession and control of Receivership Property for purposes of preserving the value thereof;

(b) To incur or pay expenses incidental to the Receiver's preservation and use of Receivership Property, and otherwise in the performance of the Receiver's duties including the power to pay obligations incurred before the Receiver's appointment if and to the extent that payment is determined by the Receiver to be prudent to preserve the value of the Receivership Property and the funds used for this purpose are not subject to any lien or

right of setoff in favor of a creditor who has not consented to the payment and whose interest is not otherwise adequately protected;

(c) To do all the things that the Receiver may do in the exercise of ordinary business judgment, or in the ordinary course of the possession and control of Receivership Property including the incurring and payment of expenses of the business or property in the ordinary course;

(d) To seek and obtain advice or instruction from the Court regarding any course of action with respect to which the Receiver is uncertain in the exercise of the Receiver's powers or the discharge of the Receiver's duties.

**8.     Limitation of Receiver's Powers.** Receiver shall not:

(a) Enter into any transactions that are not in the ordinary course of Receiver's business, or otherwise authorized in this Order, without Court approval;

(b) Pay any pre-Receivership claims without prior Court approval.

**9.     Receiver's Duties.** Receiver shall have the following duties:

(a) To take any necessary steps to locate and secure the Receivership Property and verify the operational integrity of the Receivership Property;

(b) Take any necessary steps to ascertain whether and to what extent the Receivership Property has sustained physical or operational damage, obtain diagnosis/cause of said damage, and secure estimates for repairing the Receivership Property and returning it to an operational condition.

**10.    Employees.** Receiver shall have no employees and will not be responsible for any other parties' employee compensation, benefits, or withholding taxes, including, without limitation, retirement-related benefits such as 401(k) contributions.

C.   **Defendants' Duties and Prohibitions**

11.   **Defendants' Duties.** Defendants' duties shall include, without limitation, the following:

(a)   Assist and cooperate fully with Receiver in the administration of the Receivership and the discharge of Receiver's duties and comply with all orders of this Court;

(b)   Supply to Receiver information necessary to enable Receiver to complete any schedules or reports that Receiver may be required to file with the Court, and otherwise assist Receiver in the completion of such schedules;

(c)   Deliver into Receiver's possession all Receivership Property and related items, documents, and information in Defendants' possession, custody, or control, including, without limitation, all:

1. accounts, books, papers, records, and other documents;

2. property;

3. books of account;

4. keys;

5. assets;

6. access codes;

7. passwords;

8. insurance policies for the Receivership Property;

9. surveys, site plans, floor plans, drawings, measurements, and the like;

10. documents, books, and records;

11. all off-site financial records, including all records relating to the income, operation, and management of the Receivership Property;

12. such other records pertaining to the management of the Receivership Property as may be reasonably required by the Receiver; and

(d) Submit to examination by Receiver, Plaintiff, or any other person upon order of the Court, under oath, concerning the acts, conduct, property, liabilities, or any matter relating to Receiver's administration of the Receivership.

Defendants' officers, directors, managers, members, partners, or other individuals exercising or having the power to exercise control over the affairs of Defendants are subject to the requirements of this section of the Order.

**12. Prohibitions**. Defendants and their agents, servants, employees, representatives attorneys, officers, directors, managers, members, partners, or other individuals exercising or having the power to exercise control over the affairs of Defendants are hereby enjoined from:

(a) Collecting or attempting to collect proceeds from Receivership Property, and are hereby further directed to deliver to Receiver all proceeds from Receivership Property that has or may come into their possession;

(b) Interfering in any way with Receiver in the performance of Receiver's responsibilities and duties; and

(c) Using, selling, transferring, or relocating any Receivership Property unless specifically permitted by Receiver in writing;

(d) Damaging, vandalizing, or exposing to unreasonable risk of damage any Receivership Property.

**13. Reports and Schedules.** Upon further order of the Court, Receiver shall file such schedules and reports of assets, liabilities, or inventories that are necessary and proper. Whenever

a list or schedule required pursuant to this Order is not prepared and filed by Defendants, Receiver shall prepare and file such list or schedule with Defendants' full cooperation.

**D.     Reports**

14.     **Operating Report.** Every 30 days the Receiver will file a proper report with the Court advising of its status, location, and condition of the Receivership Property. A final report shall be filed within 120 days of appointment.

**E.     Compensation and Employment of Management Personnel and Professionals**

15.     **Receiver's Compensation.** Receiver's compensation shall be $375 per hour. In addition to such rate, Receiver shall be entitled to the reimbursement of reasonable out-of-pocket expenses. Receiver's compensation shall be paid by Plaintiff.

16.     **Management Personnel and Professionals.** By this Order, Receiver is authorized and empowered, without further leave of the Court, to employ any assistants, agents, or other persons deemed necessary and proper to assist Receiver in diligently executing the duties imposed by this Order including, but not limited to, managing, insuring, maintaining, preserving, and protecting the Receivership Property that is in the possession or under the care and control of Receiver.

**F.     Binding Nature of Orders and Notice**

17.      **Binding Nature.** Parties given notice of the Receivership or otherwise appearing and participating in the Receivership Action are bound by the actions of Receiver and the orders of this Court relating to the Receivership whether or not the person is a party to the Receivership Action.

18.     **Defendants' Cooperation.** Defendants shall cooperate with all reasonable requests for information from Receiver for purposes of assisting Receiver in providing notice required by

this Order. The failure of Defendants to cooperate with any reasonable request for information may be punished, among other ways, as a contempt of court.

**G.     General Provisions.**

19.     No person or entity may file suit against Receiver, or take other action against Receiver, without an order of this Court permitting a suit or action.

20.     Receiver and its employees will have no personal liability in connection with any liabilities, obligations, liens, or amounts owed to any of Defendants' creditors because of his duties as Receiver.

21.     Receiver and his employees will have no personal liability, and they will have no claim asserted against them relating to Receiver's duties under this Order, except for claims due to their recklessness, willful misconduct, malicious acts, and/or the failure to comply with the Court's orders.

**H.     Termination and Final Report**

**22.     Termination.** This Receivership shall continue until resignation, termination, or expiration of 120 days, absent further Order of the Court. Immediately upon termination of the Receivership, Receiver shall turn over to Plaintiff all of the Receivership Property in which Plaintiff asserts a valid ownership unless otherwise ordered by the Court.

**23.     Discharge.** Neither the termination of the Receivership nor Receiver's removal or resignation will discharge Receiver or Receivers' bond. Receiver may be discharged from further duties and responsibilities and the Receiver's bond may be cancelled only after the Court, after Notice and a Hearing, approves Receiver's final report and, to the extent applicable, Receiver has turned over to a successor receiver all Receivership Property in Receiver's possession or control.

**I.     Modification of this Order**

24. The Court may modify this Order as it deems appropriate, including as to the proper amount of the Bond required of Receiver. Receiver, during the pendency of this action, shall have the right to apply to this Court for further instructions or directions. To the extent that modification of this Order is sought, reasonable notice to Plaintiff, Defendants, and Receiver is required.

25. Issues raised in the pleadings in this case beyond location, possession, and preservation of the Receivership Property, including but not limited to storage fees, conversion, property damage, and loss of use, shall not be impacted by this Order and shall remain pending before the Court.

It Is So Ordered.

DATE: September 24, 2024

*/s/ Douglas Harpool*

HONORABLE M. Douglas Harpool