IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BITMAIN TECHNOLOGIES GEORGIA LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 6:24-cv-03183-MDH |
| HYLMEN, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiff's Motion to Dismiss for Failure to State a Claim as to Defendant Hylmen, LLC's ("Hylmen") First Amended Counter-Petition. (Doc. 77). Plaintiff filed suggestions in support. Defendant Hylmen has failed to respond and the time to do so has elapsed. The motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's Motion to Dismiss Defendant Hylmen, LLC's First Amended Counter-Petition is **GRANTED**.

## BACKGROUND

This case arises out of a dispute regarding the possession, storage, and storage fees of Bitcoin Miners ("Miners"). Plaintiff is a Georgia corporation with its principal place of business in Beijing, People's Republic of China. Defendant Hylmen, LLC is a Wyoming limited liability company with its principal office in Cheyenne, Wyoming. Defendant Hylmen Transport LLC is a Missouri limited liability company with its principal office in Crocker, Missouri. Defendant Pantheon Financial Management, LLC was a Florida limited liability company with its principal office in Loxahatchee, Florida. Defendant Pantheon Financial Partners, LP was a Delaware limited partnership. Defendant Pantheon Resources Incorporated is a Delaware corporation with its

1

principal office in Loxahatchee, Florida. Defendant Lawrence Davis is an individual residing in Loxahatchee, Florida. Defendant Sam Escobar is an individual residing in Fort Lauderdale, Florida. Defendant Alonzo Pierce is an individual residing in Cypress, Texas. Defendant Stephen Stenberg is an individual residing in New York, New York. Defendant Vaught is an individual residing in Iberia, Missouri. Complete diversity is had between the parties and diversity jurisdiction is appropriate as the amount in controversy is over $75,000.00.

Plaintiff asks this Court to dismiss Defendant Hylmen's First Amended Counter-Petition arguing that Defendant Hylmen is barred from pursing either a quantum meruit claim or an unjust enrichment claim based on an express contract Defendant Hylmen had with the BlockQuarry Corporation ("BlockQuarry"). Plaintiff additionally argues that Defendant fails to state for quantum meruit or unjust enrichment. Lastly, Plaintiff argues that Defendant Hylmen's constructive contract theory merely reiterates the same quantum meruit and unjust enrichment theories and likewise fail. The Court will take each argument in turn.

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a

2

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**ANALYSIS**

I. **Express Contract**

Plaintiff first argues that Defendant Hylmen admits an express contract existed between itself and Blockquarry to inventory, transport, relocate, and store the Miners. Plaintiff asserts that because an express contract existed for the precise services at issue, Defendant Hylmen is barred from pursuing a quantum meruit claim or an unjust enrichment claim against Plaintiff for the same subject matter.

Under Missouri law, quantum meruit and unjust enrichment are separate, but related, remedies in quasi-contract. *32nd St. Surgery Ctr. LLC v. Right Choice Managed Care*, 820 F.3d 950, 955 (8th Cir. 2016) (citing *Johnson Grp., Inc. v. Grasso Bros.*, 939 S.W.3d 28, 30 (Mo. Ct. App. 1997)). However, Missouri law does not allow a plaintiff to maintain an action for either of these claims when an express contract governs the subject matter for which recovery is sought. *Id*. (citing *Lowe v. Hill*, 430 S.W.3d 346, 349 (Mo. Ct. App. 2014)). In such cases, "the plaintiff's sole theory of recovery must lie on contract." *Id*. (quoting *Burrus v. HBE Corp.*, 211 S.W.3d 613, 619 (Mo. Ct. App. 2006)).

In Defendant Hylmen's First Amended Counter-Petition Defendant alleges it was "engaged by yet another third party, Blockquarry, to act on an emergency basis to travel to Gaffney, South Carolina, and once there, to inventory all assets under the control of Blockquarry at a location in that municipality." (Counter-Petition ¶ 7). Defendant Hylmen further alleges it was

3

"further tasked by Blockquarry to disconnect, package for travel, and remove all assets under the control of Blockquarry from the Gaffney site and to relocate them to property in the State of Missouri owned by Defendant Hylmen." (Counter-Petition ¶ 8). The Court finds that an express contract exists between Defendant Hylmen and Blockquarry as to the inventory, disconnection, packaging for travel, removal of assets, and relocation of the Miners between Defendant Hylmen and Blockquarry. Additionally, the Court finds that the storage of the Miners once they were relocated is also a part of the subject matter of the express contract which Defendant Hylmen now seeks recovery. As such, the Court finds that the express contract between Defendant Hylmen and Blockquarry would preclude Defendant Hylmen from pursuing a claim of quantum meruit or unjust enrichment in the current action. For the reasons stated, Plaintiff's Motion to Dismiss Defendant Hylmen's Count I – Quantum Meruit and Count II – Unjust Enrichment claims based on the existence of an express contract is **GRANTED**.

## II.     Constructive Contract

Plaintiff next argues that Count III – Constructive Contract is another label for what Missouri courts recognize as an implied-in-law contract. Plaintiff argues that an implied-in-law contract action is the same in substance as an unjust enrichment claim and should likewise fail. As stated above, when an express contract exists, the plaintiff's sole theory of recovery must lie on contract. *32nd St. Surgery Ctr. LLC v. Right Choice Managed Care*, 820 F.3d 950, 955 (8th Cir. 2016) (quoting *Burrus v. HBE Corp.*, 211 S.W.3d 613, 619 (Mo. Ct. App. 2006)). Here, Plaintiff attempts to allege another implied-in-law contract. Defendant Hylmen's First Amended Counter-Petition alleges "even in the absence of a formal agreement directly between Plaintiff and Defendant Hylmen, it would be unjust and unfair for Plaintiff to benefit by Defendant Hylmen's action without paying just compensation." (Counter-Petition ¶ 60). As an express contract exists

between Defendant Hylmen and Blockquarry. As such, Defendant Hylmen's theory of recovery must lie contract. Defendant Hylmen has failed to show a contract between itself and Plaintiff. For the reasons stated, Plaintiff's Motion to Dismiss Defendant Hylmen's Count III – Constructive Contract is **GRANTED**.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Dismiss Defendant Hylmen, LLC's First Amended Counter-Petition is **GRANTED**.

**IT IS SO ORDERED**.

DATED: June 16, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**